UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBI STEPHENSON,

    Plaintiff,

v.

    Case No.:
    Division.:

NOLAND'S ROOFING, INC., a
Florida corporation, and GREG S.
NOLAND, individually,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, BOBI STEPHENSON ("STEPHENSON"), by and through undersigned counsel, and hereby files her Complaint and Demand for Jury Trial against Defendants, NOLAND'S ROOFING, INC. ("NRI"), a Florida corporation, and GREG S. NOLAND ("NOLAND"), individually, (collectively "Defendants"), and states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction in the United States District Court, Orlando Division, is proper pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as amended, for unpaid overtime wages, an additional equal amount of liquidated damages, an award of reasonable attorney's fees, and costs. 29 U.S.C. §216(b).

2.    This Court has original jurisdiction to hear the below overtime claims and to adjudicate those claims pursuant to 29 U.S.C. §1331. This Court has supplemental

1

jurisdiction to hear the below unpaid wage claim and to adjudicate that claim pursuant to 29 U.S.C. §1367.

3. Venue is proper in this Court, as a substantial part of the events and/or omissions giving rise to the asserted claims below occurred in this judicial district. 28 U.S.C. §1391(b)(2).

## PARTIES

4. At all times material to this action, Plaintiff STEPHENSON was, and continues to reside in Lake County, Florida, within the Middle District of Florida. At all times material to this action, Plaintiff was employed by Defendants.

5. At all times material to this action, Defendant, NRI, was, and is, a Florida for-profit corporation, and is engaged in business in Florida, with a principal place of business in Clermont, Lake County, Florida, also in the Middle District of Florida. Defendant NRI was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

6. At all times material to this action, Defendant NOLAND was, and continues to reside in Lake County, Florida, within the Middle District of Florida. Defendant NOLAND acted directly and individually in the interest of NRI, including exercising ownership and operational control over Plaintiff concerning her employment. Defendant NOLAND was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

7. At all times material to this action and within the relevant time period, Defendants were an enterprise engaged in interstate commerce within the meaning of the

FLSA as they had employees who engaged in such commerce and had gross annual revenue in each relevant year that totaled $500,000 or more.

## STATEMENT OF FACTS

8. On or about July 2, 2018, Defendants hired Plaintiff to work as an In House Sales Representative. Plaintiff was a non-exempt employee and paid hourly plus commission.

9. Throughout Plaintiff's employment with Defendants, she routinely worked in excess of 40 hours each week.

10. However, Defendants failed to compensate her with proper overtime wages for all hours worked over 40 in each workweek as required by the FLSA. Plaintiff was to be paid one and one-half times her regular rate of pay for all overs over 40 in any given workweek.

11. Pay records reflecting compensation paid to Plaintiff are in the possession of Defendants.

12. However, upon information and belief, time records were regularly altered by administrative staff at the request of Defendants to conceal the true number of hours worked by Plaintiff.

13. Defendants failed to maintain accurate time records of Plaintiff in violation of the FLSA regulations.

14. Defendants violated the FLSA from July 2, 2018, through April 2, 2019, in that:

    a.    Defendants failed to pay Plaintiff her earned overtime wages for all of her hours worked in excess of 40 hours in each workweek as required by the FLSA;

    b.    No payments or provisions for payment have since been made by Defendants to properly compensate Plaintiff for her earned overtime wages; and

    c.    Defendants have failed to maintain proper time records as mandated by FLSA regulations.

15.    As a direct and proximate cause of Defendants' willful failure to pay wages, Plaintiff has been damaged in the loss of overtime wage compensation for one or more weeks of work with Defendants.

16.    Defendants' failure to properly compensate Plaintiff her earned overtime wages was willful.

17.    Plaintiff has retained the undersigned attorney to represent her in this litigation.

## COUNT I
## UNPAID OVERTIME WAGES AGAINST DEFENDANT NRI

18.    Plaintiff realleges and incorporates paragraph 1 through 17 of her Complaint, as if fully set forth herein.

19.    Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during her employment with Defendant NRI.

20.    Defendant NRI failed to pay Plaintiff her earned overtime wages for each hour she worked over 40 in each workweek.

21. Defendant NRI knew that it was not paying required overtime wages to Plaintiff as it instructed its staff to alter Plaintiff's time records regularly.

22. At all times material hereto, Defendant NRI failed to maintain proper time records as mandated by FLSA regulations.

23. Defendant NRI willfully failed to pay Plaintiff overtime wages for one or more weeks of work in violation of 29 U.S.C. § 207.

24. As a direct and proximate cause of Defendant NRI's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant NRI.

25. As a direct and proximate cause of Defendant NRI's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

26. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff STEPHENSON requests judgment to be entered in her favor and against Defendant NRI for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT II
## UNPAID OVERTIME WAGES AGAINST DEFENDANT NOLAND

27. Plaintiff realleges and incorporates paragraph 1 through 17 of her Complaint, as if fully set forth herein.

28. Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during her employment with Defendant NOLAND.

29. Defendant NOLAND failed to pay Plaintiff her earned overtime wages for each hour she worked over 40 in each workweek.

30. Defendant NOLANDI knew that he was not paying required overtime wages to Plaintiff as he or an agent or representative of NOLAND instructed his staff to alter Plaintiff's time records regularly.

31. At all times material hereto, Defendant NOLAND failed to maintain proper time records as mandated by FLSA regulations.

32. Defendant NOLAND willfully failed to pay Plaintiff overtime wages for one or more weeks of work in violation of 29 U.S.C. § 207.

33. As a direct and proximate cause of Defendant NOLAND's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant NOLAND.

34. As a direct and proximate cause of Defendant NOLAND's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

35. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff STEPHENSON requests judgment to be entered in her favor and against Defendant NOLAND for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT III
## UNPAID COMMISSIONS AGAINST DEFENDANT NRI

36. Plaintiff realleges and incorporates paragraph 1 through 17 of her Complaint, as if fully set forth herein.

37. Plaintiff was an employee of Defendant NRI from July 2, 2018, through April 2, 2019.

38. Plaintiff was paid an hourly rate plus commission.

39. Throughout this time, Plaintiff earned commissions for sales made by her for which she was not paid in full.

40. Plaintiff demanded payment of her earned but Defendant NRI has failed to pay her accrued but unpaid commissions.

41. As a direct and proximate cause of Defendant NRI's deliberate failure to pay Plaintiff her earned commissions, Plaintiff has been damaged in the loss of unpaid wages.

42. As a direct and proximate cause of Defendant NRI's actions and omissions, Plaintiff is entitled to an award of costs and reasonable attorney's fees pursuant to Fla. Stat., §448.08.

WHEREFORE, Plaintiff STEPHENSON requests judgment to be entered in her favor and against Defendant NRI for unpaid commissions, as well as costs and reasonable attorney's fees and such other relief deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all issues so triable.

Dated this the 9th day of December, 2019.

/s/ Richard W. Smith
RICHARD W. SMITH, ESQUIRE
Florida Bar No.: 0013943
NEJAME LAW, P.A.
189 South Orange Ave, Suite 1800
Orlando, FL  32801
Telephone: (407) 500-0000
richard@nejamelaw.com
Attorney for Plaintiff