UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBI STEPHENSON,

        Plaintiff,

vs.                                       Case No.: 5:19-cv-00621-JSM-PRL

NOLAND'S ROOFING, INC., a
Florida corporation, and GREG S.
NOLAND, individually,

        Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT
AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiff BOBI STEPHENSON and Defendants NOLAND'S ROOFING, INC. a Florida corporation, and GREG S. NOLAND, individually, by and through their respective undersigned counsel, hereby file their Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and state as follows:

Under Eleventh Circuit precedent, in order to ensure that employers are relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or be approved by the supervising District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve the settlement, the Court should determine whether the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet this criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

3

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the alleged damages associated with same. In addition, Plaintiff also sought recovery of unpaid commissions from Defendant Noland's Roofing, Inc. Defendants asserted various defenses, including that Plaintiff was paid for all time worked including the times she worked overtime at the appropriate rates, and that Plaintiff was paid for all commissions.

Following the initial exchange of records and information relating to both claimed overtime and unpaid commissions, the Parties engaged in substantial negotiations lasting months from approximately April 2020 through October 2020. During that time period, the Parties, in good faith, shared information and argued their positions back and forth for an extended period; conducted their own audits of information as to overtime and commission earnings and statement. As addressed in the proposed Settlement Agreement attached hereto as Exhibit "A", the parties agreed to a total settlement payment to Plaintiffs of $28,400.00, as follows:

1. Plaintiff Bobi Stephenson to receive $10,000.00 for alleged but compromised unpaid overtime and $10,000.00 for alleged liquidated damages;

2. Plaintiff Bobi Stephenson to receive $2,500 for unpaid commissions;

3. Plaintiff's counsel, NeJame Law, P.A. to receive $595.00 for costs including filing fee, service, and necessary production and postage costs incurred prior to and during settlement negotiations; and

4. Plaintiff's counsel, NeJame Law, P.A. to receive $5,305 for attorney's fees.

Respective counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective

counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. Parties acknowledge and agree that there were no undue influences, overreaching, collusion or intimidation in reaching the Parties' settlement. Plaintiff has indicated that she prefers to conclude the litigation at this stage with the compromised amounts for unpaid overtime, commission pay, and attorney's fees and costs, rather than incur the additional time and expense of protracted litigation, or risk the possibility of failing to prove her claims.

As per the Settlement Agreement, the parties agree that other than the amounts referenced above as to costs and attorney's fee, each party shall bear his, her or its own attorneys' fees and costs.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order: (1) approving the terms of their Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal.

Respectfully submitted,

/s/ **Richard W. Smith**
Richard W. Smith, Esq.
Florida Bar No. 0013943
NeJame Law, P.A.
189 S. Orange Ave.,
Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Richard@nejamelaw.com
Counsel for Plaintiff

/s/ **Raymond J. Rotella**
Raymond J. Rotella, Esq.
Florida Bar No. 157951
Kosto & Rotella, P.A.
P.O. Box 113
Orlando, FL 32802
Telephone: (407) 425-3456
Rrotella@kostoandrotella.co
Dmeyer@kostoandrotella.com
Counsel for Defendants

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBI STEPHESON,

    Plaintiff,

vs.                                    Case No.: 5:19-cv-00621-JSM-PRL

NOLAND'S ROOFING, INC., a
Florida corporation, and GREG S.
NOLAND, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AS TO ALL CLAIMS

**THIS SETTLEMENT AGREEMENT** (hereinafter "Agreement") is made by and between Plaintiff BOBI STEPHENSON and Defendants NOLAND'S ROOFING, INC., and GREG S. NOLAND (collectively, hereinafter "Parties").

**WHEREAS**, the above-styled action is a case under the Fair Labor Standards Act (hereinafter "FLSA") for alleged failure to pay overtime wages and Florida's common law for unpaid employee commissions;

**WHEREAS**, Plaintiff filed this lawsuit including not only claims for unpaid overtime as to both Defendants but also filed a claim that she was not paid by Defendant NOLAND ROOFING, INC. her earned commissions; and

**WHEREAS**, Defendants denied each of Plaintiff's claims and does not admit or accept any liability of any nature in connection therewith; and

**WHEREAS,** existence and the amount of liability in this case, if any, and, because of such dispute, the Parties desire to settle all claims, disputes and causes of action that

**EXHIBIT "A"**

Plaintiff has against Defendants;

NOW, THEREFORE, in consideration of the mutual agreements to be performed by the Parties hereto, and as set forth in their entirety herein, the Parties hereto agree as follows:

### COVENANTS

1. **Settlement Proceeds**.

   a. Defendants shall pay the total sum of $28,400.00 ("Settlement Proceeds"), as follows:

      i. $10,000.00 payable to Plaintiff "BOBI STEPHENSON", for which a Form W2 shall issue for alleged unpaid overtime, subject to taxes and withholdings;

      ii. $10,000.00 payable to Plaintiff "BOBI STEPHENSON" for alleged liquidated damages, for which a Form 1099 shall issue;

      iii. $2,500.00 payable to Plaintiff "BOBI STEPHENSON" for alleged unpaid commissions for which a Form 1099 shall issue; and

      iv. $5,900.00 payable to Plaintiff's counsel, NeJame Law, P.A., for attorneys' fees (i.e., $5,305.00) and costs (i.e., $595.00).

   b. Defendants shall issue and deliver the Settlement Proceeds to NeJame Law, P.A. via Plaintiff's retained counsel no later than 10 calendar days following the District Court's ruling approving the parties' Joint Motion for Approval of Settlement Agreement.

    c.    Each Plaintiff acknowledges and affirms that Defendant has not made any representations concerning the taxability of the settlement proceeds.

2. **General Release.**

    a.    Each Party, on his/her/its own behalf and on behalf of his/her/its representatives, heirs, executors, administrators, successors, assigns, agents and attorneys, does hereby fully, finally and forever waive and release the others from any and all claims, liabilities, charges, proceedings, actions, causes of action, damages, costs, expenses, attorneys' fees, compensation, wages and benefits of any kind and every nature whatsoever, known or unknown, which each has or may have against the other through to the date of this Agreement. This waiver and release shall include any theory of law or equity, whether arising under contract, tort, common law, federal law, state law, local law, statute, rule, regulation or ordinance.

3. **Additional Terms.**

    a.    The Parties shall cooperate to file a Joint Motion for Approval of approving this Settlement. If the Court declines to approve this Settlement Agreement, the Parties shall engage in good faith efforts to amend and revise the Agreement sufficiently to allow the Court to approve it.

    b.    Plaintiff acknowledges and agrees that she is not entitled to any additional compensation by Defendants and the amounts paid by Defendants constitute full and final compensation and relief for her claims, and that he/she is not due any other sums from Defendants.

c. Nothing herein shall preclude any Party from bringing an action to enforce the terms of this Agreement or seek enforcement, if appropriate, by the District Court or other Court of competent jurisdiction.

d. Parties agree that entering into or the execution of this Agreement does not constitute admission by any Defendant or any of its owners and/or employees have violated any Federal, state, or local law, statute, rule, or regulation.

e. This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

f. Parties agree that if any provision of this Agreement is determined by the District Court to be invalid or unenforceable, such provision may be modified so as to be enforceable, or may be severed from this Agreement, with any remainder of the Agreement being valid and enforceable, unless such determination of invalidity deprive any Party of the substantial benefit of its bargain.

g. The Parties agree that this Agreement constitutes the entire agreement between the parties, and that they have not relied upon any representation or statement, written or oral, not set forth in this document.

h. This Agreement may be executed by the Parties in separate counterparts.

**BOBI STEPHENSON**

Signature: *Bobi Stephenson*

Date: Novmeber 16, 2020

**GREG S. NOLAND**

Signature: *Greg Noland*

Date: 11/19/20

**NOLAND'S ROOFING INC.**

Signature: *Greg Noland*

Printed Name: Greg Noland

Title: President

Date: 11/19/20